**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DONALD ALEXANDER, EDGAR CAMACHO, SANTA CASTELLANOS, SOFIA GONZALES, VERONICA GONALEZ, JULIETA GRANADOS, MARIA MALDONADO, JORGE ORTEGA, and FRANCISCO TORRES, for themselves and on behalf of similarly situated others, <br><br> Plaintiffs, <br><br> v. <br><br> CARAUSTAR INDUSTRIES, INC., and CARAUSTAR CUSTOM PACKAGING GROUP, INC., <br><br> Defendants. | 11 C 1007 <br><br> Judge George W. Lindberg |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs are current and former employees of defendants, which are manufacturers of paperboard products. Plaintiffs filed this action under the Fair Labor Standards Act (the "FLSA") and Illinois wage laws, alleging that the defendants failed to pay them overtime when they worked more than forty hours per week. Plaintiffs have moved for conditional certification of the FLSA claim as a collective action, and approval of their proposed notice to potential class members. Defendants have moved to strike plaintiffs' nationwide collective action allegations from the complaint. For the reasons stated below, plaintiffs' motion is granted, and defendants' motion is denied.

I.  **Conditional Certification**

Under the FLSA, nonexempt employees are entitled to receive overtime pay for hours they work in excess of forty per week. *See* 29 U.S.C. § 207(a)(1). Plaintiffs may bring an FLSA

overtime wage claim through a "collective action" on behalf of themselves and similarly situated workers. 29 U.S.C. § 216(b); *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010). Unlike in a typical class action, which includes all potential plaintiffs who meet the class definition and do not opt out, "plaintiffs who wish to be included in a collective action must affirmatively opt-in to the suit by filing a written consent with the court." *Id*.

Although the Seventh Circuit has not prescribed procedures for managing FLSA collective actions, most courts use a two-step process to determine how an FLSA collective action should proceed. *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 847 (N.D. Ill. 2008). In the first step, the plaintiff is required to make only "a minimal showing that others in the potential class are similarly situated." *Id*. In this step, the court "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *See id*. at 848. If the plaintiff meets this light burden, the court conditionally certifies the class, and notice is sent to potential class members, giving them an opportunity to opt into the suit. *See id*. In the second step, after the parties have conducted discovery and the opt-in process is completed, the court re-evaluates certification under a more rigorous standard. *Id*. This case is at the first step.

Plaintiffs seek to conditionally certify a collective action as to a class of persons currently or formerly employed as hourly employees at defendants' Chicago plant between February 11, 2008 and the present. Plaintiffs offer the declarations of eight of defendants' current or former employees at that plant, who work or worked in the maintenance, die cutting, printing, and finishing departments. These employees state that they were not paid for time they spent attending mandatory meetings, donning and removing protective safety equipment, walking

2

between the locker room and their work stations, or for time spent before and after their scheduled shifts discussing work issues with the employees on the prior and subsequent shifts. According to plaintiffs, defendants paid them only for their scheduled shift time, and did not pay them for the actual time they worked beyond those hours.

Defendants first urge the Court to deny certification because the named plaintiffs have not shown that they suffered any FLSA violation. For example, defendants argue that time spent donning and removing protective gear such as a hairnet, earplugs, safety goggles, and steel-toed shoes is not compensable because defendants do not require employees to do so on-site, because the gear is not integral and indispensable to plaintiffs' principal activities, and because time spent donning and removing it is *de minimis*. Defendants further note that if such time is not compensable, the time employees spend walking to and from their work stations is also non-compensable. Defendants contend that, as to six of the named plaintiffs, time they spent attending meetings and making transitions between shifts is offset by the paid thirty-minute daily lunch period during which employees did not have any work duties. Defendants contend that the allegations of one of the remaining plaintiffs, Donald Alexander, relate to a period outside the statute of limitations. Defendants also contend that the declaration of the final plaintiff, Maria Maldonado, is internally inconsistent.

These arguments are more appropriately considered at summary judgment. Defendants' argument relating to the employees' protective gear raises issues of fact that are not suitable for resolution at this step of the process. *See Smith v. Safety-Kleen Sys., Inc.*, No. 10 C 6574, 2011 WL 1429203, at *4 (N.D. Ill. Apr. 14, 2011). In addition, the parties dispute whether they agreed to treat the paid lunch periods as "hours worked," which affects whether these periods can be

3

used to offset overtime. See 29 C.F.R. § 778.320. Similarly, resolution of the question of plaintiff Alexander's job duties during the limitations period is a question of fact. Finally, it is not proper for the Court to assess the credibility of statements made in plaintiff Maldonado's declaration. *See Anyere v. Wells Fargo Co.*, No. 09 C 2769, 2010 WL 1542180, at *3 (N.D. Ill. Apr. 12, 2010). In short, these are all questions best left for later in the litigation.

Defendants next argue that the motion for conditional certification should be denied because plaintiffs fail to establish that all of defendants' hourly employees at the Chicago plant are similarly situated. Defendants characterize plaintiffs' claims as "widely divergent" as to their attendance at weekly meetings, the length of the meetings, and how often they take a meal break. Defendants also argue that plaintiffs are not similarly situated to defendants' hourly clerical employees because those employees work in an office setting, and do not wear protective gear, make transitions between shifts, or attend safety meetings outside of their scheduled shifts.

At this stage, plaintiffs are not required "to show that the potential class members have *identical* positions for conditional certification to be granted; plaintiffs can be similarly situated for purposes of the FLSA even though there are distinctions in their job titles, functions, or pay." *Jirak*, 566 F. Supp. 2d at 848-49. Here, plaintiffs have alleged that defendants' hourly employees were victims of the same common policy, under which defendants paid them according to their scheduled shifts rather than the hours actually worked. Although defendants' arguments may carry more weight during the second stage of the process, they are premature at this stage. The Court concludes that plaintiffs have made the "minimal showing" required at this first step to justify granting conditional certification.

## II.  Notice

Having determined that conditional certification is appropriate, the Court considers plaintiffs' request for limited discovery for the purpose of identifying putative class members and facilitating notice. Defendants ask the Court to reject plaintiffs' request for the telephone numbers, Social Security numbers, and e-mail addresses of putative class members on privacy grounds. Defendants also argue that plaintiffs should not be permitted to give notice by e-mail, due to the potential for recipients to modify and re-distribute it. The Court agrees that plaintiffs have not shown that production of this identifying information is necessary. Plaintiffs' request for the telephone numbers, Social Security numbers and e-mail addresses of putative class members is denied. *See Howard v. Securitas Sec. Servs., USA Inc.*, No. 08 C 2746, 2009 WL 140126, at *9 (N.D. Ill. Jan. 20, 2009) (limiting discovery for this purpose to names and mailing addresses).

The Court next examines the form of plaintiffs' proposed notice. In approving the notice, the Court must be careful to avoid the appearance of "judicial sponsorship" or a "judicial imprimatur." *See Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 581 (7th Cir. 1982). Defendants ask the Court to modify the form of the notice to: (1) require the notice to appear on plaintiffs' attorneys' letterhead, instead of with the case caption; and (2) move up the statements that the Court does not take a position on the merits, and that inquiries should not be directed to the Clerk or the Court. Plaintiffs do not oppose the latter request, and accordingly it is granted. The Court agrees that the notice should appear on plaintiffs' attorneys' letterhead. *See Howard*, 2009 WL 140126, at *10. However, plaintiffs may include the case caption in the notice.

Defendants also argue that plaintiffs' proposal that defendants be required to post the

5

notice in their facility is overly intrusive and should be rejected.  Plaintiffs have offered no reason why posting is necessary, and accordingly plaintiffs' request that the Court order defendants to post the notice is denied.  *See Howard*, 2009 WL 140126, at *9 (declining to order the defendant to post notice "absent evidence that the mailing of notices is ineffective"); *cf. Gomez v. H & R Gunlund Ranches, Inc.*, No. CV F 10-1163 LJO MJS, 2010 WL 5232973, at *11-12 (E.D. Cal. Dec. 16, 2010) (authorizing posting of notices where potential class members were migrant workers who may be difficult to reach by direct mail).  The parties are directed to confer and modify plaintiffs' proposed notice in compliance with this order.

### III. Defendants' Motion to Strike Nationwide Class Allegations

Finally, defendants have moved to strike the nationwide class allegations in the complaint, given that plaintiffs are seeking certification of a class limited to defendants' employees at a single Chicago plant.  Plaintiffs' complaint alleges that defendants operate or maintain multiple locations throughout the United States, and that they employ or have employed similarly situated employees across Illinois and the United States.  Plaintiffs state in their complaint that they bring their FLSA claim on behalf of "all current and former hourly employees who have worked for Defendants at any time during the last three years anywhere in the United States."  Plaintiffs explain that their motion for conditional certification of a class limited to employees at the Chicago plant "is not intended to be a waiver of Plaintiffs' right to seek certification at other plants as evidence becomes available," and that they filed their motion for conditional certification now "to preserve statutes of limitations and to mitigate obsolescence of contact information."  Defendants express a concern that despite the fact that plaintiffs have only sought certification of a class composed of employees in the Chicago facility, plaintiffs

intend to use the discovery process as a "fishing expedition for evidence as to Defendants' other locations."

Federal Rule of Civil Procedure 12(f) permits the court to strike from the complaint "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike generally are disfavored. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). The Court finds that striking the nationwide class allegations is unnecessary, and denies defendants' motion. However, the Court notes that discovery will be limited to issues relevant to the class of Chicago employees, and invites defendants to file a motion for protective order should plaintiffs seek discovery unrelated to the Chicago plant.

**ORDERED:** Plaintiffs' motion in support of judicially supervised notice [22] is granted in part. The parties are directed to confer regarding modifications to be made to the notice in accordance with this order. The revised proposed notice shall be filed by July 8, 2011. Defendants' motion to strike plaintiffs' nationwide collective action allegations [26] is denied.

ENTER:

George W. Lindberg
Senior U.S. District Judge

DATED:     June 27, 2011